# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

Case No.: _____ **07-60365**

CIV-ZLOCH



HOWARD JACOBS, a natural person, and
LAURENCE KORNBLUM, a natural person,
and KATHLEEN MILLER, a natural person, on
behalf of themselves and All others Similarly
Situated,

        Plaintiffs,

vs.

AT&T CORP., a foreign corporation,
AMERICAN TELEPHONE AND
TELEGRAPH COMPANY, a foreign
corporation, BELLSOUTH
TELECOMMUNICATIONS, INC., a foreign
corporation, CINGULAR WIRELESS, LLC., a
foreign limited liability company, VERIZON
COMMUNICATIONS, INC., a foreign limited
liability company, VERIZON FLORIDA, INC.,
a Florida corporation, and DOES 1-20,

        Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that Defendants, AT&T Corp.; BellSouth
Telecommunications, Inc.; and Cingular Wireless, LLC ("Removing Defendants"), hereby
remove this matter from the Circuit Court of the State of Florida, in and for Broward County, to
the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§
1331, 1332, 1367, 1441, 1446 and 1453 on the following grounds:

    1.    On February 28, 2007, Plaintiffs, Howard Jacobs, Laurence Kornblum and
Kathleen Miller ("Plaintiffs"), filed a purported class action against AT&T Corp.; American

Telephone and Telegraph Company;[1] BellSouth Telecommunications, Inc.; Cingular Wireless, LLC; Verizon Communications Inc.; Verizon Florida Inc.; and DOES 1-20 ("Defendants"). *See Jacobs v. AT&T Corp.,* Case No. 0704470 (Fla. Cir. Ct.) (the "State Court Action"). The Complaint in the State Court Action alleges that the Defendants have provided an agency of the United States Department of Defense, the National Security Agency ("NSA"), with access to the Plaintiffs' calling and other communications records, as well as the content of those communications, without legal authority to do so. *See* Complaint ¶¶ 26-37. The Complaint alleges claims for violation of various Florida statutes, breach of contract, fraud, and invasion of privacy, *id.* at ¶¶ 13-25, and seeks to certify a class of all Florida telecommunications subscribers. *Id.* ¶ 44. Plaintiffs seek preliminary, equitable and declaratory relief, and damages, fees and costs. *See id.* at ¶¶ 14, 15, 16, 18, and 19.

2.     The State Court Action is the latest in a series of cases attacking the alleged involvement of telecommunications carriers in various alleged intelligence gathering activities of the federal government designed to protect the nation from terrorist attack in the wake of September 11. These cases have been filed in federal and state courts throughout the country. Each of the state court cases has been properly removed to federal court on either federal question or diversity jurisdiction grounds, or both. All of these cases have been consolidated for pre-trial proceedings by the Judicial Panel on Multidistrict Litigation and are now pending in the United States District Court for the Northern District of California as part of MDL-1791, Case No. M:06-cv-01791-VRW. *See In re Nat'l Sec. Agency Telecommunications. Records Litig.,* 444 F. Supp. 2d 1332 (J.P.M.L. 2006) (initial transfer order). This MDL proceeding already

---

[1]     The American Telephone and Telegraph Company was re-named AT&T Corp. in 1994. Accordingly, the American Telephone and Telegraph Company no longer exists as an entity.

includes one case transferred from this Court, *Fortnash v. AT&T Corp.*, Case No. 0:06-cv-60828-JIC. Motions to remand similar cases to state courts have previously been denied in the MDL and in another federal district court. *See In re Nat'l Sec. Agency Telecommunications Records Litig.*, 2007 WL 163106, at *7, No. M:06-cv-01791-VRW (N.D. Cal. 2007); *Clayton v. AT&T Communications of the Southwest, Inc.*, No. 06-4177-CV-C-NKL (W.D. Mo.) (Minutes of Hearing, Oct. 13, 2006) (Exhibit "A" hereto). In no related case has remand been ordered.

3. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint filed in the State Court Action is attached hereto as "Exhibit B."

4. Removing Defendants, AT&T Corp.; BellSouth Telecommunications, Inc.; and Cingular Wireless, LLC, were served with the Complaint in the State Court Action on March 2, 2007. Because the Complaint was filed on February 28, 2006, no defendant could have been served prior to that date. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(d), Removing Defendants are concurrently (a) filing a copy of this Notice of Removal with the Clerk of the Circuit Court in and for Broward County, and (b) providing written notice of removal to Plaintiffs.

6. Under 28 U.S.C. § 1453(b), consent of Defendants Verizon Communications Inc. and Verizon Florida Inc. to this removal is not required because the State Court Action is a purported "class action" as defined in 28 U.S.C. § 1332(d)(1)(B). The State Court Action is a purported class action because it was filed under Rule 1.220(a) of the Florida Rules of Civil Procedure, which is similar to Federal Rule of Civil Procedure 23 and "authoriz[es] an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7.     Notwithstanding § 1453(b), undersigned counsel has contacted Verizon Communications Inc. and Verizon Florida Inc. and has been authorized to represent that they do consent to this removal.

8.     No admission of fact, law or liability is intended by this Notice of Removal, and all Defendants expressly reserve all defenses, affirmative defenses, and motions.

## FEDERAL QUESTION JURISDICTION

9.     The State Court Action is removable under 28 U.S.C. § 1441 without regard to the citizenship or residence of the parties because this Court has original jurisdiction over the action under 28 U.S.C. § 1331.  Plaintiffs' claims arise under the Constitution and laws of the United States for purposes of 28 U.S.C. § 1331 because federal law supplies an essential element of Plaintiffs' claims, Plaintiffs' right to relief depends on the resolution of substantial disputed questions of federal law, federal law completely preempts any challenge Plaintiffs nominally could bring under state law, and Defendants are sued under allegations that they functioned as federal officers.  Specifically, the claims asserted by the Complaint in the State Court Action arise under the Constitution and laws of the United States for the following reasons (among others):

10.     First, removal is appropriate where state law claims raise substantial disputed federal issues. *See, e.g.*, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).  The federal intelligence agencies are obviously allowed to conduct certain electronic surveillance as authorized by specific federal statutory and other authorities.  An essential element of all of Plaintiffs' state-law causes of action, which element must be pleaded to state a claim, is thus the absence of such federal authorization for the alleged conduct of Defendants pursuant to, *inter alia*, 18 U.S.C. § 2511(2)(b)(ii) and 18 U.S.C. § 2703(e).  In addition, for

4

Plaintiffs to prevail on their claims, they will be obliged to demonstrate that Defendants are not entitled to a variety of other federal statutory and common-law immunities from suit that attach to telecommunications carriers who respond in good faith to apparently lawful requests for assistance by the federal government. *See, e.g.,* 18 U.S.C. § 2520(d); *Smith v. Nixon*, 606 F.2d 1183 (D.C. Cir. 1979).

11.     Second, as demonstrated by pending cases raising similar claims in which the United States has intervened and sought dismissal, *see, e.g., Terkel & ACLU of Ill. v. AT&T Corp.*, 441 F. Supp. 2d 899 (N.D. Ill. 2006); *Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974 (N.D. Cal. 2006), *on appeal*, Nos. 06-17132 and 06-17137 (9th Cir.); *ACLU v. NSA*, 438 F. Supp. 2d 754 (E.D. Mich. 2006), *on appeal,* Nos. 06-2095 and 06-2140 (6th Cir.), the Complaint in the State Court Action implicates matters covered by the constitutionally-based military and state secrets privilege, which courts are bound to address as a matter of substantive federal law antecedent even to jurisdiction. *See, e.g., Tenet v. Doe,* 544 U.S. 1 (2005) (describing military and state secrets privilege).

12.     The MDL court recently denied a motion to remand a similar complaint, concluding that "plaintiffs' claims give rise to federal jurisdiction under the 'embedded federal issue' doctrine." *In re Nat'l Sec. Agency Telecommunications Records Litig.,* 2007 WL 163106, at *7, No. M:06-cv-01791-VRW (N.D. Cal. 2007) (citing *Grable*).    Likewise, the Court in *Clayton v. AT&T Communications of the Southwest, Inc.,* No. 06-4177-CV-C-NKL (W.D. Mo.), concluded that it had subject matter jurisdiction pursuant to *Grable* in a case where two Commissioners of the Missouri Public Service Commission filed a complaint in state court seeking to compel the telecommunication carrier defendants to respond to subpoenas requiring the production of documents and testimony concerning participation in alleged NSA

5

intelligence-gathering activities. *See id.,* Minutes of Hearing, Oct. 13, 2006 (Exh. C) ("The Court denies [the] Motion to Remand on the grounds that [] this [C]ourt has subject matter jurisdiction under the *Grable* doctrine.").

13.     Third, there is complete statutory and federal common law preemption of Plaintiffs' state law causes of action, which seek to challenge allegedly unlawful foreign intelligence surveillance conducted by the Executive Branch of the federal government operating through the National Security Agency. *See, e.g., Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003) ("When [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law"); *Boyle v. United Technologies,* 487 U.S. 500 (1988). Among other things, Plaintiffs' nominal state law claims are completely preempted by, *inter alia*, federal law governing the gathering of foreign intelligence, including the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 *et seq.*, and Title III of the Omnibus Crime Control and Safe Streets Act of 1968 and the Electronic Communications Privacy Act, codified as amended 18 U.S.C. § 2510 *et seq.* They are also completely preempted by federal constitutional and common law principles relating to national security affairs, including the state secrets privilege referenced above; exclusive federal control over matters of foreign, military, and intelligence affairs; and the principle that no claims seeking to prove the existence of a secret espionage relationship with the federal government may be adjudicated in the courts of the United States, *see, e.g., Tenet v. Doe*, 544 U.S. 1 (2005).

14.     Fourth, although the Government's state secrets assertion disables the Defendants from admitting or denying any of the allegations of the Complaint at this time, to the extent Defendants are alleged to have participated in any NSA program, those allegations necessarily

6

mean that Defendants, to the extent they acted at all, acted at or under the direction of agencies or officers of the United States, or persons acting under such agencies or officers, under color of office. This case is therefore also removable under 28 U.S.C. § 1442(a)(1). *See Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 487-4874 (1st Cir. 1989). The MDL court has also concluded that federal officer removal is also appropriate in these cases stating that "because defendants allegedly acted in furtherance of NSA's interests . . . these allegations suffice to confer federal jurisdiction under the federal officer removal statute." *In re National Security Agency Telecommunications Records Litigation,* 2007 WL 163106 * 10.

## DIVERSITY JURISDICTION

15.    This Court also has original jurisdiction under 28 U.S.C. § 1332(d) because the State Action is a purported class action in which the aggregate amount in controversy exceeds the sum or value of $5,000,000 and at least one Plaintiff and one Defendant are citizens of different States.

16.    The amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is met because it is apparent that Plaintiffs seek damages well in excess of $5,000,000.  Under 28 U.S.C. § 1332(d)(6), the claims of the purported individual class members must be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000.  Although Removing Defendants vigorously dispute Plaintiffs' ability to pursue this action as a class, Plaintiffs seek to certify a class of "[a]ll individuals in the State of Florida that are current subscribers or customers of Defendants' telephone services or internet services, or that were telephone or internet subscribers or customers at any time after September 2001," and allege that this "class consists of more than 5 million members."  Complaint ¶¶ 43, 44.  For each of these five million class members, the Complaint seeks to recover from each Defendant, *inter alia*,

statutory damages of not less than $1,000 per person on five separate counts. *See id.* at ¶¶ 14, 15, 16, 18, and 19. This alone easily satisfies the $5,000,000 amount in controversy requirement.

17.     The minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2) is met. Defendant AT&T Corp. is a citizen of New York (where it maintains its principal place of business) and Delaware (where it is incorporated). Defendant BellSouth Telecommunications, Inc. is a citizen of Georgia (where it maintains its principal place of business and where it is incorporated). Defendant Cingular Wireless, LLC is a citizen of Georgia (where it maintains its principal place of business and is incorporated). The Removing Defendants are informed and believe that Defendant Verizon Communications Inc. is a citizen of New York (where it maintains its principal place of business) and Delaware (where it is incorporated), although Verizon Florida Inc., is a Florida corporation. Further, the Removing Defendants are informed and believe that at least one member of the class of Plaintiffs is a citizen of a State other than New York, Delaware, Texas, or Georgia, as all of the named Plaintiffs are alleged to reside in Florida. *See* Complaint ¶¶ 2-4.

18.     Removal is not precluded by 28 U.S.C. §§ 1332(d)(3) because, *inter alia*, four of the five "primary defendants are citizens of States" other than Florida.[2]

19.     Removal is not precluded by 28 U.S.C. § 1332(d)(4) because, at a minimum, "during the 3-year period preceding the filing of [this] class action," another "class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." In addition to this case, Removing Defendants currently face 23 class action lawsuits filed prior to February 28, 2007 (the day the State Court Action was

---

[2]     As discussed on page 1, note 1, American Telephone and Telegraph Company is no longer a separate entity as it was re-named AT&T Corp. in 1994.

filed) seeking relief for their alleged participation in intelligence-gathering activities allegedly carried out by the federal government as part of the government's post-September 11 efforts to prevent terrorist attacks. In each complaint, plaintiffs allege that the government has gained access to telephone and/or internet customers' communications content and/or communications records without legal authorization.

20. Nothing in the foregoing is, or should be construed as, an admission or denial of any of the factual allegations in this Complaint.

WHEREFORE, for each and every reason set forth above, AT&T Corp., BellSouth Telecommunications, Inc., and Cingular Wireless LLC hereby remove the State Court Action to this Court.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this _14th_ day of March, 2007 to: Brian H. Adler, Esq., Bader, Stillman & Adler, P.L., Co-Counsel for Plaintiffs, 6100 W. Atlantic Boulevard, Margate, FL 33063; Ronald Motley, Esq. and Donald Migliori, Esq., Motley Rice, LLC, Co-Counsel for Plaintiffs, 28 Bridgeside Blvd., Mt. Pleasant, SC 29465; Christopher Placitella, Esq. and William Marvin, Esq., Cohen, Placitella & Roth, P.C., Co-Counsel for Plaintiffs, 115 Maple Avenue, Red Bank, NJ 07701; Gary Shapiro, Esq. and David Sternlieb, Esq., Shapiro & Sternlieb, LLC, Co-Counsel for Plaintiffs, 800 Tennent Road, Second Floor, Manalapan, NJ 07726.

Albert L. Frevola, Jr.
Florida Bar No.: 0857416
Vanessa D. Sloat-Rogers
Florida Bar No.: 353530
GORDON HARGROVE & JAMES, P.A.
*Attorneys For AT&T Corp,* **BellSouth Telecommunications, Inc. and Cingular Wireless LLC**
2400 East Commercial Boulevard, Ste. 1100
Fort Lauderdale, FL 33308
Telephone: (954) 958-2500
Facsimile: (954) 958-2513
E-mail: afrevola@ghj.com
E-mail: vsloatrogers@ghj.com

9

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

## MINUTES OF HEARING

Robert Clayton, et al.,              **CASE NUMBER:**06-4177-CV-C-NKL
v.                                   **DATE:** October 13, 2006
At&T Communications of the Southwest Inc., et al.,

**HONORABLE** Nanette K. Laughrey presiding at Jefferson City, Missouri

**Time Commenced:**  3:00          **Time Concluded:**  4:12

**APPEARANCES FOR PLAINTIFF:** Peggy Whipple

**APPEARANCES FOR DEFENDANT:**   Amanda Hettinger, Bradford Berenson,
**REMARKS:**

Parties appear to present argument on the Motion to Remand and the Motion to Change Venue.
Plaintiff moves to strike government's brief. Ruling is deferred on Motion to Strike. Plaintiff
presents argument 3:10 - 3:26. Defendant presents argument 3:27 - 3:47. Plaintiff presents rebuttal
3:50 - 3:52. Recess 3:54 - 4:10. Plaintiff objects to the presentation of government's argument.
Government presents argument 4:10 - 4:15. Plaintiff does not offer rebuttal to government's
argument. The Court denies Motion to Remand on the grounds that the this court has subject
matter jurisdiction under the Grable doctrine. Argument and ruling of the Motion for Change of
Venue and to Stay are deferred in light of the conditional transfer order entered by the MDL panel.


CRD:  C. James
COURT REPORTER: Katie Wirt



**EXHIBIT**

**A**

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**HOWARD JACOBS**, a natural person, and
**LAURENCE KORNBLUM**, a natural person,
and **KATHLEEN MILLER**, a natural person,
on behalf of themselves and All Others
Similarly Situated,

    Plaintiffs,

v.

**AT&T CORP.**, a foreign corporation, **AMERICAN
TELEPHONE AND TELEGRAPH COMPANY**, a
foreign corporation, **BELLSOUTH TELECOM-
MUNICATIONS, INC.**, a foreign corporation,
**CINGULAR WIRELESS, LLC**, a foreign limited
liability company, **VERIZON COMMUNICATIONS,
INC.**, a foreign limited liability company, **VERIZON
FLORIDA, INC.**, a Florida corporation, and **DOES 1-20**,

    Defendants.

_____/

0704470 **11**

Case No:
Judge:

**CLASS REPRESENTATION**

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT

FEB 2 8 2007

## COMPLAINT

COMES NOW, Plaintiffs, **HOWARD JACOBS, LAURENCE KORNBLUM,** and

**KATHLEEN MILLER,** on behalf of themselves and all others similarly situated and

hereby sue Defendants, **AT&T, CORP.**, a foreign corporation, **AMERICAN**

**TELEPHONE AND TELEGRAPH COMPANY**, a foreign corporation, **BELLSOUTH**

**TELECOMMUNICATIONS, INC.**, a foreign corporation, **CINGULAR WIRELESS, LLC,**

a foreign limited liability company, **VERIZON COMMUNICATIONS, INC.**, a foreign

limited liability company, **VERIZON FLORIDA, INC.**, a Florida corporation, and **DOES**

**1-20**, and allege:

1



## JURISDICTIONAL ALLEGATIONS AND VENUE

1.  This is an action for damages in excess of the minimum jurisdictional limits of
    this Court, to wit: Fifteen Thousand Dollars ($15,000.00) exclusive of interest and
    costs.

2.  At all times material hereto, Plaintiff, HOWARD JACOBS ("JACOBS"), was and
    is a natural person and a resident of Broward County, Florida.

3.  At all times material hereto, Plaintiff, LAURENCE KORNBLUM ("KORNBLUM"),
    was and is a natural person and a resident of Broward County, Florida.

4.  At all times material hereto, Plaintiff, KATHLEEN MILLER ("MILLER"), was and
    is a natural person and a resident of Broward County, Florida.

5.  At all times material hereto, Defendants, AT&T CORP. and AMERICAN
    TELEPHONE AND TELEGRAPH COMPANY (collectively "AT&T"), were and are
    foreign corporations, licensed to do, and doing business in Broward County,
    Florida and throughout the State of Florida.

6.  At all times material hereto, Defendants, AT&T, were and are
    telecommunications carriers providing electronic communications service and
    remote computing service to citizens of Florida, including Plaintiffs and others
    similarly situated in Broward County, Florida and throughout the State of Florida.

7.  At all times material hereto, Defendant, BELLSOUTH
    TELECOMMUNICATIONS, INC. ("BELLSOUTH"), was and is a foreign
    corporation, licensed to do, and doing business in Broward County, Florida and
    throughout the State of Florida.

8.  At all times material hereto, Defendant, BELLSOUTH, was and is a
    telecommunications carrier providing electronic communications service and
    remote computing service to citizens of Broward County, Florida, including

2

Plaintiffs and others similarly situated in Broward County, Florida and throughout the State of Florida.

9. At all times material hereto, Defendant, CINGULAR WIRELESS, LLC ("CINGULAR"), was and is a foreign limited liability company, licensed to do, and doing business in Broward County, Florida and throughout the State of Florida.

10. At all times material hereto, Defendant, CINGULAR, was and is a telecommunications carrier providing wireless electronic communications service and remote computing service to citizens of Broward County, Florida, including Plaintiffs and others similarly situated in Broward County, Florida and throughout the State of Florida.

11. Defendants, AT&T, or one of them, own(s) and/or control(s) Defendants, BELLSOUTH and CINGULAR.

12. At all times material hereto, Defendant, VERIZON COMMUNICATIONS, INC., was and is a foreign corporation, licensed to do, and doing business in Broward County, Florida and throughout the State of Florida.

13. At all times At all times material hereto, Defendant, VERIZON FLORIDA, INC., was and is a Florida corporation, licensed to do, and doing business in Broward County, Florida and throughout the State of Florida.

14. At all times material hereto Defendants, VERIZON COMMUNICATIONS, INC. owned and/or controlled VERIZON FLORIDA, INC. Both VERIZON COMMUNICATIONS, INC. and VERIZON FLORIDA, INC. shall be referred to herein collectively as "VERIZON."

15. At all times material hereto, Defendants, VERIZON, were and are telecommunications carriers providing wireless electronic communications service and remote computing service to citizens of Broward County, Florida, including Plaintiffs and others similarly situated in Broward County, Florida and

3

throughout the State of Florida.

16. Venue is proper in this Court, pursuant to Florida Statute §47.051, insofar as the causes of action complained of herein accrued in Broward County.

## ALLEGATIONS COMMON TO ALL COUNTS

17. At times material hereto, Plaintiff, JACOBS, was a customer of Defendants, AT&T. At all times material hereto, Plaintiff, Jacobs was a customer of Defendants BELLSOUTH, CINGULAR and VERIZON. Specifically, Plaintiff, JACOBS, purchased and used residential telephone wireline service, internet service and wireless telecommunications service from the Defendants, whereby he sent and received personal electronic communications via the Defendants' telecommunications networks.

18. At all times material hereto, Plaintiff, KORNBLUM, was a customer of Defendants, BELLSOUTH and CINGULAR. At times material hereto, Plaintiff, KORNBLUM, was a customer of Defendants, AT&T. Specifically, Plaintiff, KORNBLUM, purchased and used residential telephone wireline service, internet service and wireless telecommunications service from the Defendants, whereby he sent and received personal electronic communications via the Defendants' telecommunications networks.

19. At all times material hereto, Plaintiff, MILLER, was a customer of Defendants AT&T. Specifically, Plaintiff purchased and used residential telephone wireline service, internet service and wireless telecommunications service from the Defendant, whereby she sent and received personal electronic communications via the Defendant's telecommunications networks.

20. Defendants are telecommunications carriers, providing electronic communications service and remote computing service throughout Broward

4

County and the State of Florida.

21. Defendants maintain domestic telecommunications facilities over which the telephone and internet communications of hundreds of thousands of Floridians pass every day. Defendants also manage large databases containing records of most or all communications made through their myriad telecommunications services by their Florida customers. On information and belief, Defendants cumulatively provide electronic communications service and remote computing service to more than 3 million customers throughout the State of Florida. Plaintiffs and class members are currently unaware of the precise number of Florida customers of each Defendant. The precise number of customers and types of service provided are in the possession of Defendants.

22. Defendants each have an extensive and complex infrastructure through which they conduct their business in Florida.

23. Plaintiffs and class members are currently unaware of the true names and capacities of Defendants sued herein as Does 1-20, and therefore sue these Defendants by using fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Upon information and belief each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and the injuries to Plaintiffs and class members herein alleged were proximately caused in relation to the conduct of Does 1-20 as well as the named Defendants.

24. On May 11, 2006, the USA TODAY newspaper revealed that since approximately September 2001 through the present day, the Defendants have intercepted records pertaining to the private electronic domestic communications of millions of Americans and disclosed same without warrant, subpoena or permission to the National Security Agency (hereinafter "NSA"), an agency of the

5

federal government of the United States.

25. Plaintiffs and class members had no reasonable opportunity to discover the existence of said interception and disclosure, or the violations of law alleged herein, prior to May 11, 2006.

26. On information and belief, Defendants have knowingly and intentionally opened their key telecommunications facilities and databases to direct access by the NSA and/or other government agencies.

27. On information and belief, Defendants have knowingly and intentionally intercepted and disclosed to the government the contents of their Florida customers' communications as well as detailed communications data about their Florida customers, including those of Plaintiffs and class members.

28. On information and belief, Defendants continue through the present day to so intercept and disclose said content and data to the government, without warrant, subpoena or permission.

29. On information and belief, Defendants received and/or were paid monetary compensation by the government to so illegally intercept and disclose said content and data.

30. On information and belief, from approximately September 2001 through the present day, Defendants intercepted and disclosed, and continue to intercept and disclose, the electronic communications and data of Plaintiffs and class members to the National Security Administration of the United States of America (hereinafter "NSA"), an agency of the federal government.

31. At all times material hereto, Defendants disclosed and continue to disclose said content and data to the NSA illegally, to wit: without warrant, subpoena or customer consent, including Plaintiffs and class members.

32. On information and belief, Defendants have provided and continue to provide the

6

government with direct access to all or a substantial number of the communications transmitted through their key domestic telecommunications facilities, including direct access to streams of domestic telephone and Internet communications, specifically including those of Floridians.

33. On information and belief, Defendants have installed and used, or assisted government agents in installing and using, interception devices and pen registers and/or trap and trace devices on or in a number of their key telecommunications facilities through which the electronic communications of Floridians pass for use in NSA surveillance programs.

34. On information and belief, the interception devices acquire the content of all or a substantial number of the wire or electronic communications transferred through the Defendants facilities where they have been installed, specifically including those through which Florida communications are transferred.

35. On information and belief, the pen registers and/or trap and trace devices capture, record or decode the dialing, routing, addressing and/or signaling information ("DRAS information") for all or a substantial number of the wire or electronic communications transferred through the Defendants facilities where they have been installed, specifically including those through which Florida communications are transferred.

36. On information and belief, using these devices, government agents have acquired and are acquiring wire or electronic communications content and DRAS information directly via remote or local control of the device, and/or Defendants have disclosed and are disclosing those communications and information to the government after interception, capture, recording or decoding.

37. On information and belief, Defendants used or assisted in the use of these devices to acquire wire or electronic communications to which Plaintiffs and

7

class members were a party, and to acquire DRAS information pertaining to those communications. On information and belief, Defendants continue to do so.

## CLASS REPRESENTATION ALLEGATIONS

38.     This suit may be maintained as a class action pursuant to Rule 1.220(b)(1)(A),
        Florida Rules of Civil Procedures, because prosecution of separate claims by
        individual members of the class would create a risk of inconsistent or varying
        adjudications, thereby establishing incompatible standards of conduct for
        Defendant. The facts and circumstances substantiating this conclusion include:
        Based upon the myriad factors incident to complex litigation, including but not
        limited to variations in jury composition, case presentation, and legal application,
        a genuine risk of inconsistent verdicts exists where numerous claimants litigate
        the same claims. Particularly where the number of class member, as here, are
        so numerous, variations in outcome would be expected. Accordingly, where
        many individual suits would be successful and cause Defendants to pay
        damages and create incentive for Defendants to modify their behavior, individual
        suits that might be unsuccessful would provide a counter-incentive resulting in
        confusion and inequity.

39.     This suit may be maintained as a class action pursuant to Rule 1.220(b)(1)(A),
        Florida Rules of Civil Procedures, because adjudications of separate claims by
        individual members of the class would, as a practical matter, be dispositive of the
        interests of other members of the class who are not parties to the adjudications.
        Any adjudication of Plaintiffs' claims herein will define the legal rights and
        remedies available to all similarly situated class members and will inform
        Defendants of their rights and responsibilities under Florida law for the conduct

8

complained of. Absent a class, the first suit in Florida to adjudicate the facts and
legal issues presented here will define the law as applied to the facts. Such
adjudication will be dispositive of any pending and future litigation of the same
facts.

40.    This suit may be maintained as a class action pursuant to Rule 1.220(b)(3),
       Florida Rules of Civil Procedures, because questions of law and fact common to
       Plaintiffs and each class member predominate over any questions affecting only
       individual members of the class, and a class representation is superior to other
       available methods for the fair and efficient adjudication of the controversy. The
       facts and circumstances substantiating this conclusion include: The damages
       suffered by each individual class member may be relatively small, especially
       given the burden and expense of individual prosecution of the complex and
       extensive litigation necessitated by Defendants' conduct. Furthermore, it would
       be virtually impossible for the class members, on an individual basis, to obtain
       effective redress for the wrongs done to them. Moreover, even if class members
       themselves could afford such individual litigation, the court system could not.
       Separate suits by each class member would clog the courts and require massive
       duplicate expenditures of time and resources by the various litigants, particularly
       including Defendant.  Class representation eliminates management difficulties
       posed by multiple suits, and provides the benefits of a single adjudication,
       economy of scale and comprehensive supervision by a single court.

41.    Common Questions of Law and Fact: There is a well-defined and substantial
       community of interest in the questions of law and fact involved in this suit that
       affect all class members. These common legal and factual questions include:

           a. Whether Defendants intentionally intercepted, endeavored to intercept, or
              procured any other person to intercept or endeavor to intercept any wire

9

or electronic communication in violation of Florida Statute Section 934.03(1)(a), et. seq.

b. Whether Defendants intentionally disclosed or endeavored to disclose to any person the content of any wire or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire or electronic communication in violation of Florida Statute Section 934.03(1)(c), et. seq.

c. Whether Defendants intentionally used or endeavored to use, the content of any wire or electronic communication, knowing or having reason to know that the information was obtained through the interception of wire or electronic communication in violation of Florida Statute Section 934.03(1)(d), et. seq.

d. Damages pursuant to Florida Statute Section 934.10.

e. Whether Defendants knowingly divulged to any governmental entity a record or other information pertaining to its subscribers or customers, in violation of Florida Statute Section 934.22, et. seq.

f. Damages pursuant to Florida Statute Section 934.27.

g. Whether Defendants engaged in unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of any trade or commerce, in violation of Florida Statute Section 501.204(1).

h. Damages pursuant to Florida Statute Section 501.211(2).

i. Whether Defendants breached their contracts with Plaintiffs and class members.

j. Damages arising from Defendants' breach of contract upon Plaintiffs and class members.

k. Whether Defendants committed fraud in and through their commercial

10

relationship with Plaintiffs and class members.

l.   Damages arising from Defendants' fraud upon Plaintiffs and class
     members.

m.   Whether Defendants invaded the privacy of Plaintiffs and class members
     through a public disclosure of private facts.

n.   Damages arising from Defendants' invasion of privacy upon Plaintiffs and
     class members.

42.  Typicality:    Plaintiffs' claims here are typical of the claims of the class
     members, in part based upon the following facts and circumstances:  Plaintiffs,
     like each class member, are customers of Defendants and subscribers to
     Defendants' telecommunications, internet and wireless services. Plaintiffs, like
     each class member, rely on Defendants to transmit personal electronic
     communications and records of same in a prudent, confidential and legal
     manner, safe from improper interception and disclosure to others, including the
     government.  Plaintiffs, like each class member, provided no consent for the
     alleged interception and disclosure of the subject content and data.  Plaintiffs,
     like each class member, suffered harm arising from Defendants' violations of
     law, as alleged herein.  Plaintiffs, like each class member, are entitled to seek
     redress pursuant to Chapter 934, Florida Statutes (Security of Communications),
     including Florida Statute §934.10 and §934.27; Chapter 501 Part II, Florida
     Statutes (Consumer Protection), including Florida Statute §501.211; and
     common law Breach of Contract, Fraud, and Invasion of Privacy.

43.  On information and belief, Plaintiffs estimate that the class consists of more than
     5 million members.  The precise number of persons in the class, as well as their
     individual identities, may be ascertained from Defendants' records.  Members of
     the class are so numerous that their individual joinder is impracticable.

11

44. Plaintiffs bring this action on behalf of themselves and a statewide class of
similarly situated persons defined as, The Florida Class, to wit:

All individuals in the State of Florida that are current subscribers or customers of
Defendants' telephone services or internet services, or that were telephone or
internet subscribers or customers at any time after September 2001.

45. Excluded from the class are:

   a. The officers, directors, and employees of Defendants, and the legal
   representatives, heirs, successors, and assigns of Defendants.

   b. Any foreign powers, as defined by 50 U.S.C. §1801(a), or any agents of
   foreign powers, as defined by 50 U.S.C. §1801(b)(1)(A), including without
   limitation anyone who knowingly engages in sabotage or international
   terrorism, or activities that are in preparation therefore.

   c. The current targets of any ongoing criminal or terrorist investigations by
   the government where a prior valid warrant, subpoena or consent for
   surveillance was obtained incident to surveillance.

   d. Plaintiffs reserve the right to modify the class definition based upon future
   research and discovery.

46. Plaintiffs will fairly and adequately protect and represent the interests of each
class member, in part based upon the following facts and circumstances:
Plaintiffs' interests do not conflict with the interests of the class members.
Plaintiff, JACOBS, is a college graduates who is married and the father of two
minor children. JACOBS owns and operates a successful software business that
develops and implements database software for the medical community,
whereby he possesses a depth of knowledge and experience concerning the
technologic issues implicated in this cause. Plaintiff, KORNBLUM, is the married
father of one minor child. KORNBLUM is a successful business person who is

12

bright and articulate. Plaintiff, MILLER, is an intelligent and articulate woman. Plaintiffs have retained competent counsel and Plaintiffs intend to prosecute this action vigorously. Court supervision of these proceedings will ensure a sound and equitable process for the benefit of all interested parties, including each class member.

## COUNT I
## INTENTIONAL INTERCEPTION OF WIRE OR ELECTRONIC COMMUNICATIONS
## Fla. Stat. §934.03(1)(a)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

47. By the acts alleged herein, Defendants have intentionally intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiffs' and class members' wire or electronic communications in violation Florida Statute Section 934.03(1)(a).

48. Plaintiffs and class members have been and are aggrieved by Defendants' intentional interception, disclosure, divulgence and/or use of their wire or electronic communications.

49. Pursuant to Florida Section 934.10(1), which provides a civil action for any person whose wire or electronic communications have been intercepted in violation of Florida Statute Section 934.03(1)(a), Plaintiffs and each member of The Florida Class demand preliminary, equitable or declaratory relief as may be appropriate, actual damages but not less than $100.00 a day for each day of violation or $1,000.00, whichever is greater, punitive damages as may be deemed applicable, reasonable attorney's fees and other litigation costs reasonably incurred.

13

50. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.10(1)(d), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 2
## INTENTIONAL DISCLOSURE OF WIRE OR ELECTRONIC COMMUNICATIONS
### Fla. Stat. §934.03(1)(c)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

51. By the acts alleged herein, Defendants have disclosed or endeavored to disclose the contents of Plaintiffs' and class members' wire and electronic communications, knowing or having reason to know that the information was obtained in violation of Florida law and contrary to Florida Statute Section 934.03(1)(c).

52. Plaintiffs and class members have been and are aggrieved by Defendants' intentional interception, disclosure, divulgence and/or use of their wire or electronic communications.

14

53. Pursuant to Florida Statute Section 934.10(1), which provides a civil action for any person whose wire or electronic communications have been disclosed in violation of Florida Statute Section 934.03(1)(c), Plaintiffs and each member of The Florida Class demand preliminary, equitable or declaratory relief as may be appropriate, actual damages but not less than $100.00 a day for each day of violation or $1,000.00, whichever is greater, punitive damages as may be deemed applicable, reasonable attorney's fees and other litigation costs reasonably incurred.

54. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.10(1)(d), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 3
## INTENTIONAL USE OF WIRE OR ELECTRONIC COMMUNICATIONS
## Fla. Stat. §934.03(1)(d)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

15

55. By the acts alleged herein, Defendants have used or endeavored to use the contents of Plaintiffs' and class members' wire and electronic communications, knowing or having reason to know that the information was obtained in violation of Florida law and contrary to Florida Statute Section 934.03(1)(d).

56. Plaintiffs and class members have been and are aggrieved by Defendants' intentional interception, disclosure, divulgence and/or use of their wire or electronic communications.

57. Pursuant to Florida Statute Section 934.10(1), which provides a civil action for any person whose wire or electronic communications have been used in violation of Florida Statute Section 934.03(1)(d), Plaintiffs and each member of The Florida Class demand preliminary, equitable or declaratory relief as may be appropriate, actual damages but not less than $100.00 a day for each day of violation or $1,000.00, whichever is greater, punitive damages as may be deemed applicable, reasonable attorney's fees and other litigation costs reasonably incurred.

58. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.10(1)(d), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits

16

made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 4
## ILLEGALLY DIVULGING CONTENT OF COMMUNICATIONS
## Fla. Stat. §934.22(1)(a)(1)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

59.     In relevant part, Florida Statute Section 934.22(1)(a)(1) provides: "...A provider of electronic communication service to the public may not knowingly divulge to... [a]ny person or entity the contents of a communication while in electronic storage by that service..."

60.     On information and belief, Defendants knowingly divulged to the National Security Administration, an agency of the federal government, the electronic communications of, and/or records and information pertaining to, Plaintiffs and class members.

61.     Defendants did not notify Plaintiffs or class members of the divulgence of said communications, and/or records and information, nor did Plaintiffs or class members consent to such divulgence.

62.     Plaintiffs and class members have been and are aggrieved by Defendants' above-described divulgence of their communications and information.

63.     Pursuant to Florida Statute Section 934.27 (1) and (3), which provide for a civil action for any person(s) aggrieved by knowing or intentional violation of Florida Statute Section 934.22, Plaintiffs and class members demand preliminary, equitable or declaratory relief, as is appropriate, actual damages suffered by

17

Plaintiffs and each member of The Florida Class and any profits made by
Defendants as a result of their violations, but not less than $1,000.00, together
with reasonable attorney's fees and other litigation costs.

64.  Plaintiffs were required to retain counsel, including all co-counsel, to prosecute
this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned
counsel and all co-counsel for time, effort and costs expended herein. Pursuant
to Florida Statute Section 934.27(2)(c), Plaintiffs and class members demand
recovery of a reasonable attorney's fee and other litigation costs reasonably
incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand
judgment against Defendants for preliminary, equitable or declaratory relief, actual
damages suffered by Plaintiffs and each member of The Florida Class and any profits
made by Defendants as a result of their violations, but not less than $1,000.00, together
with reasonable attorney's fees, interest, costs and such further relief as this court may
deem just and proper.

## COUNT 5
## ILLEGALLY DIVULGING RECORDS TO A GOVERNMENTAL ENTITY
### Fla. Stat. §934.22(1)(b)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and
further allege:

65.  In relevant part, Florida Statute Section 934.22(1)(a)(2) provides: "...A provider
of electronic communication service to the public may not knowingly divulge to...
[a]ny governmental entity a record or other information pertaining to a subscriber
to or customers of such service."

66.  On information and belief, Defendants knowingly divulged to the National

18

Security Administration, an agency of the federal government, the electronic communications of, and records and information pertaining to, Plaintiffs and class members.

67. Defendants did not notify Plaintiffs or class members of the divulgence of said communications, records and/or information, nor did Plaintiffs or class members consent to such divulgence.

68. Plaintiffs and class members have been and are aggrieved by Defendants' above-described divulgence of their communications and information.

69. Pursuant to Florida Statute Section 934.27 (1) and (3), which provide for a civil action for any person(s) aggrieved by knowing or intentional violation of Florida Statute Section 934.22, Plaintiffs and class members demand preliminary, equitable or declaratory relief, as is appropriate, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees and other litigation costs.

70. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.27(2)(c), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together

with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

**COUNT 6**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**
**Fla. Stat. §501.204 et. seq.**

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further alleges:

71.    By engaging in the acts and practices described herein, Defendants have engaged in one or more unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of any trade or commerce, pursuant to Florida Statute Section 501.204(1), including:

      a. Intentionally intercepting, endeavored to intercept, or procuring others to intercept or endeavor to intercept Plaintiffs' and class members' wire or electronic communications, in violation of Florida Statute Section 934.03, and doing so for pecuniary gain.

      b. Intentionally disclosing or endeavoring to disclose to any person the content of any wire or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire or electronic communication in violation of Florida Statute Section 934.03, and doing so for pecuniary gain.

      c. Intentionally using or endeavoring to use the content of any wire or electronic communication, knowing or having reason to know that the information was obtained through the interception of wire or electronic communication in violation of Florida Statute Section 934.03, and doing so for pecuniary gain.

20

    d. Knowingly divulging to a governmental entity a record or other information pertaining to its subscribers or customers, in violation of Florida Statute Section 934.22, et. seq., and doing so for pecuniary gain.

    e. Deceiving and misleading, affirmatively and/or through omission, Plaintiffs and class members as to the terms and conditions of services provided by Defendants.

    f. Offending the public policies and safeguards guaranteed in the Florida Constitution, Article 1, Section 12.

    g. Failing to notify Plaintiffs and class members of their intention to intercept, disclose and/or divulge their private electronic communications to the government.

    h. Upon information and belief, installing and/or using a pen register or a trap and trace device without first obtaining a court order.

    i. Breaching their contracts of service to Plaintiffs and class members.

    j. Committing fraud upon the Plaintiffs and class members.

    k. Engaging in a fundamental breach of the privacy rights and expectations of its customers.

72. Plaintiffs and class members have suffered actual damages and have lost money or property as a result of such unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of a trade or commerce. Such damages and losses include, but are not limited to, the subscription and service fees and other charges paid to Defendants. Neither the Plaintiffs nor any reasonable class member would have paid such fees and charges for Defendants services had they first known of Defendants unlawful acts and practices.

73. Defendants, by their violations of Florida law and their unfair and deceptive acts

21

and practices have been enriched and earned profits, which profits must be disgorged and recovered by Plaintiffs and class members.

74. Pursuant to Florida Statute Section 501.211, which provide for a civil action for any person(s) aggrieved by a violation of Florida Statutes Chapter 501, Plaintiffs and class members demand equitable, declaratory and injunctive relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, together with reasonable attorney's fees and other litigation costs.

75. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 501.211(2), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for equitable, declaratory and injunctive relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 7
## BREACH OF CONTRACT

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

76. On information and belief and at all times material hereto, Defendants offered and Plaintiffs agreed to subscribe to Defendants various telecommunications

22

and electronic communications services based upon good and valuable mutual consideration.

77.   At all times material hereto Plaintiff and Defendant were bound by a consumer contract subject to the laws and protections of the State of Florida.

78.   On information and belief and at all times material hereto, the contracts between the parties contained Defendants express and/or implied warrantee, guarantee, promise and/or agreement to protect the privacy and confidentiality of its customers' information, identity, records, data, subscriptions, use details, and communications, and to abide by the laws of Florida.

79.   On information and belief and at all times material hereto, Defendants by their conduct as alleged herein, did breach their contract with Plaintiffs and class members, by knowingly, willfully and voluntarily intercepting, disclosing and using Plaintiffs and class members confidential, private and protected electronic communications to third-parties, including the government, without warrant, subpoena or permission.

WHEREFORE, Plaintiffs on behalf of themselves and the class members demand judgment against Defendants for damages together with interest, costs, and such other and further relief as this court may deem just and proper.

### COUNT 8
### FRAUD

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

80.   On information and belief and at all times material hereto, Defendants knowingly and/or recklessly made express and/or implied false representations of specific material facts to Plaintiffs and class members.

23

81. Defendants expressly and/or impliedly represented to Plaintiffs and class members that Defendants would protect the privacy and confidentiality of its customers' information, identity, records, data, subscriptions, use details, and communications, and to abide by the laws of Florida.

82. On information and belief and at all times material hereto, Defendants actually and/or constructively knew that said representations were false.

83. On information and belief and at all times material hereto, Defendants made said material misrepresentations to Plaintiffs and class members for the purpose of inducing them to rely upon same in contracting and continuing to perform.

84. Plaintiffs and class members did, in fact, rely upon Defendants' material misrepresentations to their detriment and were injured, damaged and aggrieved thereby, through and including disclosure of their confidential, private and protected electronic communications to third-parties, including the government, without warrant, subpoena or permission.

WHEREFORE, Plaintiffs on behalf of themselves and the class members demand judgment against Defendants for damages together with interest, costs, and such other and further relief as this court may deem just and proper.

## COUNT 9
## INVASION OF PRIVACY

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

85. On information and belief, Plaintiffs and class members have a reasonable expectation of privacy in their communications, contents of communications, and/or records pertaining to their communications transmitted, collected, and/or stored by Defendants, pursuant to Article 1 Section 12 of the Florida

24

Constitution.

86.  On information and belief, Plaintiffs and class members use Defendants services
     to speak or receive speech anonymously and to associate privately.

87.  On information and belief, the above-described acts of interception, disclosure,
     divulgence and/or use of Plaintiffs' and class members' communications,
     contents of communications, and/or records pertaining to their communications
     by Defendants occurred without consent, judicial or other lawful authorization,
     probable cause, and/or individualized suspicion.

88.  On information and belief, the above-described acts of interception, disclosure,
     divulgence and/or use of Plaintiffs' and class members' communications,
     contents of communications, and/or records pertaining to their communications
     by Defendants constituted public disclosure of same, insofar as the said
     disclosure and/or divulgence was to an agency of the federal government.

89.  At all times material hereto, the communications, contents of communications,
     and/or records pertaining to communications of Plaintiffs and class members
     were truthful information.

90.  At all times material hereto, a reasonable person, including Plaintiffs and class
     members, would and do find the public disclosure of such information
     objectionable.

     WHEREFORE, Plaintiffs on behalf of themselves and the class members
demand judgment against Defendants for damages together with interest, costs, and
such other and further relief as this court may deem just and proper.

25

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and class members hereby request trial by jury
of all issues triable by jury as of right, including, but not limited to, those issues and
claims set forth herein.

Respectfully submitted,

BRIAN H. ADLER
Fla. Bar No.: 0084220
BADER, STILLMAN & ADLER, P.L.
*Co-Counsel for Plaintiffs and Class Members*
6100 W. Atlantic Blvd.
Margate, Florida 33063
Telephone (954)971-3399
Facsimile (954)979-3101

26

**CO-COUNSEL FOR PLAINTIFFS AND FLORIDA CLASS MEMBERS:**

**Brian Adler**
**BADER, STILLMAN & ADLER, P.L.**
6100 W. Atlantic Blvd.
Margate, Florida 33063
Telephone (954)971-3399
Facsimile (954)979-3101

**Ronald Motley and Donald Migliori**
**MOTLEY RICE, LLC**
Attorneys at Law
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
Tel. (843)216-9000
Fax (843)259-7048

**Christoper Placitella and William Marvin**
**COHEN, PLACITELLA & ROTH, P.C.**
Attorneys at Law
115 Maple Ave.
Red Bank, NJ 07701
Tel. (732)747-9003
Fax (732)747-9004

**Gary Shapiro and David Sternlieb**
**SHAPIRO & STERNLIEB, LLC**
Attorneys at Law
800 Tennent Road
Second Floor
Manalapan, NJ 07726
Tel. (732)617-8050
Fax (732)617-8060

27

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Howard Jacobs, Laurence Kornblum, Kathleen Miller and All others Similarly situated | AT&T Corp., American Telephone & Telephone & Telegraph Co., al. See attachment for listing of all Defendants |

**(b)** County of Residence of First Listed Plaintiff **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CIV 7LOCH

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian H. Adler, Esq., Bader, Stillman & Adler, P.L., 6100 W Atlantic Boulevard, Margate, FL 33063 (954) 971-3399; see attachment for additional attorneys.

**07-60365**

Attorneys (If Known)
Albert L. Frevola, Gordon Hargrove & James, P.A. 2400 E. Commercial Blvd., Ste 1100, Ft. Lauderdale, FL 33308

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:07CV 60365-WJZ-JS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**

18 U.S.C. s. 2511(2)(b)(ii), 2520(d) & 2703(e) - Disclosure of private electronic domestic communications without warrant, subpoena, or permission of the NSA.

LENGTH OF TRIAL via ___90___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 3/13/07

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 539594

ATTACHMENT TO CIVIL COVER SHEET

Defendants:    AT&T CORP., a foreign corporation, AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a foreign corporation, BELLSOUTH TELECOMMUNICATIONS, INC., a foreign corporation, CINGULAR WIRELESS, LLC, a foreign limited liability company, VERIZON COMMUNICATIONS, INC., a foreign limited liability company, VERIZON FLORIDA, INC., a Florida corporation, and DOES 1-20.

Plaintiffs' counsel:    Brian H. Adler, Esq., Bader, Stillman & Adler, P.L., Co-Counsel for Plaintiffs, 6100 W. Atlantic Boulevard, Margate, FL 33063; Ronald Motley, Esq. and Donald Migliori, Esq., Motley Rice, LLC, Co-Counsel for Plaintiffs, 28 Bridgeside Blvd., Mt. Pleasant, SC 29465; Christopher Placitella, Esq. and William Marvin, Esq., Cohen, Placitella & Roth, P.C., Co-Counsel for Plaintiffs, 115 Maple Avenue, Red Bank, NJ 07701; Gary Shapiro, Esq. and David Sternlieb, Esq., Shapiro & Sternlieb, LLC, Co-Counsel for Plaintiffs, 800 Tennent Road, Second Floor, Manalapan, NJ 07726.