

RECEIVED
CLERK'S OFFICE

2007 MAR 15 P 3:32

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| In re | MDL Docket No. 1791 |
| National Security Agency Telecommunication Record Litigation | |

## SCHEDULE OF RELATED ACTION

| CAPTION | DISTRICT/DIVISION | CIVIL ACTION # | JUDGE |
|---|---|---|---|
| Jacobs et al. v. AT&T Corp., American Telephone and Telegraph Company, Bellsouth Telecommunications, Inc., Cingular Wireless, LLC, Verizon Communications, Inc., Verizon Florida, Inc., and DOES 1-20 | S.D. Florida (Ft. Lauderdale) | 07-cv-60365 | Hon. William J. Zloch |



**EXHIBIT**
A

## CERTIFICATE OF SERVICE

RECEIVED
CLERK'S OFFICE

The undersigned attorney, Angela M. Xenakis, hereby certifies that she caused a copy of the letter of Edward R. McNicholas to the Clerk of the Judicial Panel on Multidistrict Litigation, dated March 15, 2007 to be served on all counsel on the attached MDL Master Service List, via U.S. Mail, postage prepaid, on this 15th day of March 2007. In addition, those counsel of record in the related action, as listed in the attached supplemental service list, also received service of the foregoing via U.S. Mail, postage prepaid, on this 15th day of March 2007.

Angela M. Xenakis

## Supplemental Service List for Related Actions

Brian H. Adler, Esq.
Bader, Stillman & Adler, P.L.
6100 W. Atlantic Boulevard
Margate, FL 33063

Co-Counsel for Plaintiffs

Gary Shapiro, Esq. and
David Sternlieb, Esq.
Shapiro & Sternlieb, LLC
800 Tennent Road, Second Floor
Manalapan, NJ 07726

Co- Counsel for Plaintiffs

Albert L. Frevola, Jr.
Gordon Hargrove & James
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL 33308

Lead Attorney for Defendant
AT&T Corp.

Ronald Motley, Esq. and
Donald Migliori, Esq.
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Co-Counsel for Plaintiffs

Christopher Placitella, Esq. and
William Marvin, Esq.
Cohen, Placitella & Roth, P.C.
15 Maple Avenue
Red Bank, NJ 07701

Co-Counsel for Plaintiffs

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket: 1791 - In re National Security Agency Telecommunications Records Litigation
Status: Pending on / /
Transferee District:     Judge:

Printed on 06/09/2006

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Afran, Bruce I.<br>10 Braeburn Drive<br>Princeton, NJ 08540 | => Afran, Bruce I. |
| Alger, Timothy L.<br>Quinn, Emanuel, Urquhart, Oliver & Hedges<br>865 South Figueroa Street<br>10th Floor<br>Los Angeles, CA 90017-2543 | => Lycos, Inc.; Wired News |
| Barnett, Alexander E.<br>Mason Law Firm, P.C.<br>One Penn Plaza<br>Suite 4632<br>New York, NY 10119 | => Phillips, Lawrence |
| Bechtold, Timothy M.<br>Rossbach, Hart & Bechtold, P.C.<br>401 North Washington Street<br>P.O. Box 8988<br>Missoula, MT 59807-8988 | => Dolberg, Steve* |
| Beisner, John H.<br>O'Melveny & Myers, LLP<br>1625 Eye Street, N.W.<br>Washington, DC 20006-4001 | => Verizon Communications, Inc.*; Verizon Global Networks, Inc.*; Verizon Northwest, Inc.*; Verizon Wireless LLC |
| Brosnahan, James J.<br>Morrison & Foerster, LLP<br>425 Market Street<br>San Francisco, CA 94105 | => Klein, Mark |
| Cohn, Cindy A.<br>Electronic Frontier Foundation<br>454 Shotwell Street<br>San Francisco, CA 94110 | => Hepting, Tash*; Hicks, Gregory*; Jewel, Carolyn*; Knutzen, Erik* |
| George, Jr, R. James<br>George & Brothers, LLP<br>1100 Norwood Tower<br>114 West 7th Street<br>Austin, TX 78701 | => Austin Chronicle (The)*; Black, Louis*; Grigg, Richard A.*; Harrington, James C.*; Kentor, Michael* |
| Grossman, Harvey<br>Roger Bladwin Foundation of ACLU, Inc.<br>180 North Michigan Avenue<br>Suite 2300<br>Chicago, IL 60601 | => American Civil Liberties of Illinois, Inc.*; Currie, Barbara Flynn*; Geraghty, Diane C.*; Gerson, Gary S.*; Montgomery, James D.*; Terkel, Studs*; Young, Quentin* |
| Hilliard, Robert C.<br>Hilliard & Munoz, LLP<br>719 S. Shoreline Blvd.<br>Suite 500<br>Corpus Christi, TX 78401 | => Antosko, Ron*; Chadden, Sr., James E.*; Trevino, Mary J.* |
| Karsh, Joshua<br>Hughes, Socol, Piers, Resnick & Dym, Ltd. | => Potter, Kathryn* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |
| 70 West Madison Street<br>Suite 4000<br>Chicago, IL 60602 | |
| Kenny, Michael P.<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 30309-3424 | => BellSouth Communications Systems, LLC*; BellSouth Corp.*; BellSouth Telecommunications, Inc.* |
| Mandel, Roger L.<br>Stanley, Mandel & Iola, LLP<br>3100 Monticello Avenue<br>Suite 750<br>Dallas, TX 75205 | => Mahoney, Pamela A.* |
| Mason, Gary Edward<br>Mason Law Firm<br>1225 19th Street, N.W.<br>Suite 500<br>Washington, DC 20038 | => Brown, Cory; Driscoll, Jr., David M.; Ludman, Harold; Taylor, Anne Brydon |
| Mayer, Carl J.<br>66 Witherspoon Street<br>Suite 414<br>Princeton, NJ 08542 | => Mayer, Carl J. |
| McNicholas, Edward R.<br>Sidley, Austin, LLP<br>1501 K Street, N.W.<br>Washington, DC 20005-1401 | => American Telephone & Telegraph Co.*; AT&T Communications, Inc.*; AT&T Corp.*; AT&T Inc.* |
| O'Malley, Michael C.<br>Siben & Siben, LLP<br>90 East Main Street<br>Bay Shore, NY 11706 | => Marck, Edward; Waltuch, Carol |
| Olson, Karl<br>Levy, Ram, & Olson LLP<br>639 Front Street<br>4th Floor<br>San Francisco, CA 94111 | => Associatd Press*; Bloomberg News*; Los Angeles Times*; San Francisco Chronicle*; San Jose Mercury News*; USA Today* |
| Orleans, Renee S.<br>U.S. DOJ, Civil Division, Federal Prorgams Branch<br>20 Massachusetts Avenue, NW, Room 7120<br>P.O. Box 883<br>Washington, DC 20044 | => Bush, George W.*; National Security Agency*; United States of America* |
| Schwarz, Steven E.<br>Law Offices of Steven E. Schwarz<br>2461 W. Foster Avenue<br>#1W<br>Chicago, IL 60625 | => Goggins, Ramon*; Joll, James*; Schwarz, Steven* |
| Slater, Christopher A.<br>Slater & Ross<br>1 S.W. Columbia Street<br>Suite 1850<br>Portland, OR 97258 | => Hines, Darryl* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| St. Pierre, Michael A.<br>Revens Revens & St. Pierre<br>946 Centerville Road<br>Warwick, RI 02886 | => Bissit, Charles F.*; Bissit, Sandra*; Bouchard, Arthur*; Bouchard, Mary Ann*; Caparco, Aldo*;<br>Caparco, Janice*; Caparco, Jenna*; DeLuca, Rose*; Douquette, Christine*; Hayek, III, George*;<br>Klaczynski, Maryanne*; Matrumalo, June*; Matrumalo, Paula*; Matrumalo, Vincent*; Mirabella,<br>Nicole*; Pothier, Patricia*; Pothier, Paul*; Thibeault, Gerard*; Thomas, Jennifer*; Votta, Marshall* |
| Van Der Hout, Marc<br>Van Der Hout & Brigagliano<br>180 Sutter Street<br>5th Floor<br>San Francisco, CA 94123 | => Center for Constitutional Rights |
| Wagner, Nicholas<br>Law Offices of Wagner & Jones<br>1111 E. Herndon<br>#317<br>Fresno, CA 93720 | => Bolich, Debra*; Bolich, James*; Boulet, Mark*; Brown, Lloyd*; Conner, Greg*; Kampmann, Stephen<br>M.*; Salazar, Claudia*; Scroggins, Cheryl*; Scroggins, Melissa*; Vasquez, Sergio*; Wilten, M. Diedre* |
| Williams, III, Conrad S.P.<br>St. Martin, Williams & Bourque<br>P.O. Box 2017<br>Houma, LA 70361 | => Herron, Tina*; Segi, Brandy* |
| Woodward, Martin<br>Stanley, Mandel & Iola, LLP<br>3100 Monticello Avenue<br>Suite 750<br>Dallas, TX 75205 | => Fuller, Rhea* |
| Zevin, Matthew J.<br>Stanley, Mandel & Iola, L.L.P.<br>550 West C Street<br>Suite 1600<br>San Diego, CA 92101 | => Souder, Shelly D.* |

Note: Please refer to the report title page for complete report scope and key.

LSS

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
### CIVIL DOCKET FOR CASE #: 0:07-cv-60365-WJZ

RECEIVED
CLERK'S OFFICE

2007 MAR 15 P 3: 33

Jacobs et al v. AT&T Corp. et al
Assigned to: Chief Judge William J. Zloch
Case in other court: In the 17th Judicial Circuit for Broward
County, 0704470
Cause: 28:1441 Notice of Removal

Date Filed: 03/14/2007
Jury Demand: Defendant
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Howard Jacobs**
*a natural person*

represented by **Brian Hugh Adler**
McGrane Nosich & Ganz
75 Valencia
Suite 1100
Coral Gables, FL 33134
305-442-4800
Fax: 442-2339
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Laurence Kornblum**
*a natural person*

represented by **Brian Hugh Adler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kathleen Miller**
*a natural person, on behalf of themselves
and All others Similarly Situated,*

represented by **Brian Hugh Adler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AT&T Corp.**
*a foreign corporation*

represented by **Albert L. Frevola, Jr.**
Gordon Hargrove & James
2400 East Commercial Boulevard
Suite 1100
Fort Lauderdale, FL 33308-3092
954-958-2500
Fax: 958-2513
Email: afrevola@ghj.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Telephone and Telegraph
Company**
*a foreign corporation*

**Defendant**

**Bellsouth Telecommunications, Inc.**          represented by **Albert L. Frevola, Jr.**
*a foreign corporation*                                              (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Cingular Wireless LLC**                        represented by **Albert L. Frevola, Jr.**
*a foreign limited liability company*                                (See above for address)
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Verizon Communications Inc.**
*a foreign limited liability company*

**Defendant**

**Verizon Florida, Inc.**
*a Florida corporation*

**Defendant**

**Does 1-20**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2007 | 1 | NOTICE OF REMOVAL of complaint from the 17th Judicial Circuit for Broward County: NO ANSWER FILED; Filing fee $350 Receipt#: 539594, filed by Bellsouth Telecommunications, Inc., Cingular Wireless LLC, AT&T Corp.. (vt) (Entered: 03/15/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/15/2007 13:38:55 | | |
| **PACER Login:** | sa0034 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 0:07-cv-60365-WJZ |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

HOWARD JACOBS, a natural person, and
LAURENCE KORNBLUM, a natural
person, and KATHLEEN MILLER, a natural person,
on behalf of themselves and All Others
Similarly Situated,

        Plaintiffs,

v.

AT&T CORP., a foreign corporation, AMERICAN
TELEPHONE AND TELEGRAPH COMPANY, a
foreign corporation, BELLSOUTH TELECOM-
MUNICATIONS, INC., a foreign corporation,
CINGULAR WIRELESS, LLC, a foreign limited
liability company, VERIZON COMMUNICATIONS,
INC., a foreign limited liability company, VERIZON
FLORIDA, INC., a Florida corporation, and DOES 1-20,

        Defendants.
_____/

0704470 **11**

Case No:
Judge:

**CLASS REPRESENTATION**

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT

FEB 2 8 2007

## COMPLAINT

COMES NOW, Plaintiffs, **HOWARD JACOBS, LAURENCE KORNBLUM,** and

**KATHLEEN MILLER**, on behalf of themselves and all others similarly situated and

hereby sue Defendants, **AT&T, CORP.**, a foreign corporation, **AMERICAN**

**TELEPHONE AND TELEGRAPH COMPANY**, a foreign corporation, **BELLSOUTH**

**TELECOMMUNICATIONS, INC.**, a foreign corporation, **CINGULAR WIRELESS, LLC**,

a foreign limited liability company, **VERIZON COMMUNICATIONS, INC.**, a foreign

limited liability company, **VERIZON FLORIDA, INC.**, a Florida corporation, and **DOES**

**1-20**, and allege:

1



## JURISDICTIONAL ALLEGATIONS AND VENUE

1.  This is an action for damages in excess of the minimum jurisdictional limits of this Court, to wit: Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2.  At all times material hereto, Plaintiff, HOWARD JACOBS ("JACOBS"), was and is a natural person and a resident of Broward County, Florida.

3.  At all times material hereto, Plaintiff, LAURENCE KORNBLUM ("KORNBLUM"), was and is a natural person and a resident of Broward County, Florida.

4.  At all times material hereto, Plaintiff, KATHLEEN MILLER ("MILLER"), was and is a natural person and a resident of Broward County, Florida.

5.  At all times material hereto, Defendants, AT&T CORP. and AMERICAN TELEPHONE AND TELEGRAPH COMPANY (collectively "AT&T"), were and are foreign corporations, licensed to do, and doing business in Broward County, Florida and throughout the State of Florida.

6.  At all times material hereto, Defendants, AT&T, were and are telecommunications carriers providing electronic communications service and remote computing service to citizens of Florida, including Plaintiffs and others similarly situated in Broward County, Florida and throughout the State of Florida.

7.  At all times material hereto, Defendant, BELLSOUTH TELECOMMUNICATIONS, INC. ("BELLSOUTH"), was and is a foreign corporation, licensed to do, and doing business in Broward County, Florida and throughout the State of Florida.

8.  At all times material hereto, Defendant, BELLSOUTH, was and is a telecommunications carrier providing electronic communications service and remote computing service to citizens of Broward County, Florida, including

2

Plaintiffs and others similarly situated in Broward County, Florida and throughout the State of Florida.

9.    At all times material hereto, Defendant, CINGULAR WIRELESS, LLC ("CINGULAR"), was and is a foreign limited liability company, licensed to do, and doing business in Broward County, Florida and throughout the State of Florida.

10.   At all times material hereto, Defendant, CINGULAR, was and is a telecommunications carrier providing wireless electronic communications service and remote computing service to citizens of Broward County, Florida, including Plaintiffs and others similarly situated in Broward County, Florida and throughout the State of Florida.

11.   Defendants, AT&T, or one of them, own(s) and/or control(s) Defendants, BELLSOUTH and CINGULAR.

12.   At all times material hereto, Defendant, VERIZON COMMUNICATIONS, INC., was and is a foreign corporation, licensed to do, and doing business in Broward County, Florida and throughout the State of Florida.

13.   At all times At all times material hereto, Defendant, VERIZON FLORIDA, INC., was and is a Florida corporation, licensed to do, and doing business in Broward County, Florida and throughout the State of Florida.

14.   At all times material hereto Defendants, VERIZON COMMUNICATIONS, INC. owned and/or controlled VERIZON FLORIDA, INC.  Both VERIZON COMMUNICATIONS, INC. and VERIZON FLORIDA, INC. shall be referred to herein collectively as "VERIZON."

15.   At all times material hereto, Defendants, VERIZON, were and are telecommunications carriers providing wireless electronic communications service and remote computing service to citizens of Broward County, Florida, including Plaintiffs and others similarly situated in Broward County, Florida and

3

throughout the State of Florida.

16.    Venue is proper in this Court, pursuant to Florida Statute §47.051, insofar as the causes of action complained of herein accrued in Broward County.

## ALLEGATIONS COMMON TO ALL COUNTS

17.    At times material hereto, Plaintiff, JACOBS, was a customer of Defendants, AT&T. At all times material hereto, Plaintiff, Jacobs was a customer of Defendants BELLSOUTH, CINGULAR and VERIZON. Specifically, Plaintiff, JACOBS, purchased and used residential telephone wireline service, internet service and wireless telecommunications service from the Defendants, whereby he sent and received personal electronic communications via the Defendants' telecommunications networks.

18.    At all times material hereto, Plaintiff, KORNBLUM, was a customer of Defendants, BELLSOUTH and CINGULAR. At times material hereto, Plaintiff, KORNBLUM, was a customer of Defendants, AT&T. Specifically, Plaintiff, KORNBLUM, purchased and used residential telephone wireline service, internet service and wireless telecommunications service from the Defendants, whereby he sent and received personal electronic communications via the Defendants' telecommunications networks.

19.    At all times material hereto, Plaintiff, MILLER, was a customer of Defendants AT&T. Specifically, Plaintiff purchased and used residential telephone wireline service, internet service and wireless telecommunications service from the Defendant, whereby she sent and received personal electronic communications via the Defendant's telecommunications networks.

20.    Defendants are telecommunications carriers, providing electronic communications service and remote computing service throughout Broward

4

County and the State of Florida.

21.   Defendants maintain domestic telecommunications facilities over which the telephone and internet communications of hundreds of thousands of Floridians pass every day.  Defendants also manage large databases containing records of most or all communications made through their myriad telecommunications services by their Florida customers.  On information and belief, Defendants cumulatively provide electronic communications service and remote computing service to more than 3 million customers throughout the State of Florida. Plaintiffs and class members are currently unaware of the precise number of Florida customers of each Defendant.  The precise number of customers and types of service provided are in the possession of Defendants.

22.   Defendants each have an extensive and complex infrastructure through which they conduct their business in Florida.

23.   Plaintiffs and class members are currently unaware of the true names and capacities of Defendants sued herein as Does 1-20, and therefore sue these Defendants by using fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.  Upon information and belief each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and the injuries to Plaintiffs and class members herein alleged were proximately caused in relation to the conduct of Does 1-20 as well as the named Defendants.

24.   On May 11, 2006, the USA TODAY newspaper revealed that since approximately September 2001 through the present day, the Defendants have intercepted records pertaining to the private electronic domestic communications of millions of Americans and disclosed same without warrant, subpoena or permission to the National Security Agency (hereinafter "NSA"), an agency of the

5

federal government of the United States.

25.   Plaintiffs and class members had no reasonable opportunity to discover the existence of said interception and disclosure, or the violations of law alleged herein, prior to May 11, 2006.

26.   On information and belief, Defendants have knowingly and intentionally opened their key telecommunications facilities and databases to direct access by the NSA and/or other government agencies.

27.   On information and belief, Defendants have knowingly and intentionally intercepted and disclosed to the government the contents of their Florida customers' communications as well as detailed communications data about their Florida customers, including those of Plaintiffs and class members.

28.   On information and belief, Defendants continue through the present day to so intercept and disclose said content and data to the government, without warrant, subpoena or permission.

29.   On information and belief, Defendants received and/or were paid monetary compensation by the government to so illegally intercept and disclose said content and data.

30.   On information and belief, from approximately September 2001 through the present day, Defendants intercepted and disclosed, and continue to intercept and disclose, the electronic communications and data of Plaintiffs and class members to the National Security Administration of the United States of America (hereinafter "NSA"), an agency of the federal government.

31.   At all times material hereto, Defendants disclosed and continue to disclose said content and data to the NSA illegally, to wit:  without warrant, subpoena or customer consent, including Plaintiffs and class members.

32.   On information and belief, Defendants have provided and continue to provide the

government with direct access to all or a substantial number of the communications transmitted through their key domestic telecommunications facilities, including direct access to streams of domestic telephone and Internet communications, specifically including those of Floridians.

33. On information and belief, Defendants have installed and used, or assisted government agents in installing and using, interception devices and pen registers and/or trap and trace devices on or in a number of their key telecommunications facilities through which the electronic communications of Floridians pass for use in NSA surveillance programs.

34. On information and belief, the interception devices acquire the content of all or a substantial number of the wire or electronic communications transferred through the Defendants facilities where they have been installed, specifically including those through which Florida communications are transferred.

35. On information and belief, the pen registers and/or trap and trace devices capture, record or decode the dialing, routing, addressing and/or signaling information ("DRAS information") for all or a substantial number of the wire or electronic communications transferred through the Defendants facilities where they have been installed, specifically including those through which Florida communications are transferred.

36. On information and belief, using these devices, government agents have acquired and are acquiring wire or electronic communications content and DRAS information directly via remote or local control of the device, and/or Defendants have disclosed and are disclosing those communications and information to the government after interception, capture, recording or decoding.

37. On information and belief, Defendants used or assisted in the use of these devices to acquire wire or electronic communications to which Plaintiffs and

7

class members were a party, and to acquire DRAS information pertaining to those communications. On information and belief, Defendants continue to do so.

### CLASS REPRESENTATION ALLEGATIONS

38.  This suit may be maintained as a class action pursuant to Rule 1.220(b)(1)(A), Florida Rules of Civil Procedures, because prosecution of separate claims by individual members of the class would create a risk of inconsistent or varying adjudications, thereby establishing incompatible standards of conduct for Defendant. The facts and circumstances substantiating this conclusion include: Based upon the myriad factors incident to complex litigation, including but not limited to variations in jury composition, case presentation, and legal application, a genuine risk of inconsistent verdicts exists where numerous claimants litigate the same claims. Particularly where the number of class member, as here, are so numerous, variations in outcome would be expected. Accordingly, where many individual suits would be successful and cause Defendants to pay damages and create incentive for Defendants to modify their behavior, individual suits that might be unsuccessful would provide a counter-incentive resulting in confusion and inequity.

39.  This suit may be maintained as a class action pursuant to Rule 1.220(b)(1)(A), Florida Rules of Civil Procedures, because adjudications of separate claims by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications. Any adjudication of Plaintiffs' claims herein will define the legal rights and remedies available to all similarly situated class members and will inform Defendants of their rights and responsibilities under Florida law for the conduct

complained of. Absent a class, the first suit in Florida to adjudicate the facts and legal issues presented here will define the law as applied to the facts. Such adjudication will be dispositive of any pending and future litigation of the same facts.

40. This suit may be maintained as a class action pursuant to Rule 1.220(b)(3), Florida Rules of Civil Procedures, because questions of law and fact common to Plaintiffs and each class member predominate over any questions affecting only individual members of the class, and a class representation is superior to other available methods for the fair and efficient adjudication of the controversy. The facts and circumstances substantiating this conclusion include: The damages suffered by each individual class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Furthermore, it would be virtually impossible for the class members, on an individual basis, to obtain effective redress for the wrongs done to them. Moreover, even if class members themselves could afford such individual litigation, the court system could not. Separate suits by each class member would clog the courts and require massive duplicate expenditures of time and resources by the various litigants, particularly including Defendant. Class representation eliminates management difficulties posed by multiple suits, and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

41. Common Questions of Law and Fact: There is a well-defined and substantial community of interest in the questions of law and fact involved in this suit that affect all class members. These common legal and factual questions include:

   a. Whether Defendants intentionally intercepted, endeavored to intercept, or procured any other person to intercept or endeavor to intercept any wire

9

or electronic communication in violation of Florida Statute Section 934.03(1)(a), et. seq.

b. Whether Defendants intentionally disclosed or endeavored to disclose to any person the content of any wire or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire or electronic communication in violation of Florida Statute Section 934.03(1)(c), et. seq.

c. Whether Defendants intentionally used or endeavored to use, the content of any wire or electronic communication, knowing or having reason to know that the information was obtained through the interception of wire or electronic communication in violation of Florida Statute Section 934.03(1)(d), et. seq.

d. Damages pursuant to Florida Statute Section 934.10.

e. Whether Defendants knowingly divulged to any governmental entity a record or other information pertaining to its subscribers or customers, in violation of Florida Statute Section 934.22, et. seq.

f. Damages pursuant to Florida Statute Section 934.27.

g. Whether Defendants engaged in unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of any trade or commerce, in violation of Florida Statute Section 501.204(1).

h. Damages pursuant to Florida Statute Section 501.211(2).

i. Whether Defendants breached their contracts with Plaintiffs and class members.

j. Damages arising from Defendants' breach of contract upon Plaintiffs and class members.

k. Whether Defendants committed fraud in and through their commercial

10

relationship with Plaintiffs and class members.

l.   Damages arising from Defendants' fraud upon Plaintiffs and class
members.

m. Whether Defendants invaded the privacy of Plaintiffs and class members
through a public disclosure of private facts.

n.  Damages arising from Defendants' invasion of privacy upon Plaintiffs and
class members.

42.   Typicality:    Plaintiffs' claims here are typical of the claims of the class
members, in part based upon the following facts and circumstances:  Plaintiffs,
like each class member, are customers of Defendants and subscribers to
Defendants' telecommunications, Internet and wireless services. Plaintiffs, like
each class member, rely on Defendants to transmit personal electronic
communications and records of same in a prudent, confidential and legal
manner, safe from improper interception and disclosure to others, including the
government.  Plaintiffs, like each class member, provided no consent for the
alleged interception and disclosure of the subject content and data.  Plaintiffs,
like each class member, suffered harm arising from Defendants' violations of
law, as alleged herein.  Plaintiffs, like each class member, are entitled to seek
redress pursuant to Chapter 934, Florida Statutes (Security of Communications),
including Florida Statute §934.10 and §934.27; Chapter 501 Part II, Florida
Statutes (Consumer Protection), including Florida Statute §501.211; and
common law Breach of Contract, Fraud, and Invasion of Privacy.

43.   On information and belief, Plaintiffs estimate that the class consists of more than
5 million members.  The precise number of persons in the class, as well as their
individual identities, may be ascertained from Defendants' records.  Members of
the class are so numerous that their individual joinder is impracticable.

44.   Plaintiffs bring this action on behalf of themselves and a statewide class of similarly situated persons defined as, <u>The Florida Class</u>, to wit:

All individuals in the State of Florida that are current subscribers or customers of Defendants' telephone services or internet services, or that were telephone or internet subscribers or customers at any time after September 2001.

45.   Excluded from the class are:

   a.   The officers, directors, and employees of Defendants, and the legal representatives, heirs, successors, and assigns of Defendants.

   b.   Any foreign powers, as defined by 50 U.S.C. §1801(a), or any agents of foreign powers, as defined by 50 U.S.C. §1801(b)(1)(A), including without limitation anyone who knowingly engages in sabotage or international terrorism, or activities that are in preparation therefore.

   c.   The current targets of any ongoing criminal or terrorist investigations by the government where a prior valid warrant, subpoena or consent for surveillance was obtained incident to surveillance.

   d.   Plaintiffs reserve the right to modify the class definition based upon future research and discovery.

46.   Plaintiffs will fairly and adequately protect and represent the interests of each class member, in part based upon the following facts and circumstances: Plaintiffs' interests do not conflict with the interests of the class members. Plaintiff, JACOBS, is a college graduates who is married and the father of two minor children. JACOBS owns and operates a successful software business that develops and implements database software for the medical community, whereby he possesses a depth of knowledge and experience concerning the technologic issues implicated in this cause. Plaintiff, KORNBLUM, is the married father of one minor child. KORNBLUM is a successful business person who is

bright and articulate. Plaintiff, MILLER, is an intelligent and articulate woman. Plaintiffs have retained competent counsel and Plaintiffs intend to prosecute this action vigorously. Court supervision of these proceedings will ensure a sound and equitable process for the benefit of all interested parties, including each class member.

## COUNT I
## INTENTIONAL INTERCEPTION OF WIRE OR ELECTRONIC COMMUNICATIONS
### Fla. Stat. §934.03(1)(a)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

47.    By the acts alleged herein, Defendants have intentionally intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiffs' and class members' wire or electronic communications in violation Florida Statute Section 934.03(1)(a).

48.    Plaintiffs and class members have been and are aggrieved by Defendants' intentional interception, disclosure, divulgence and/or use of their wire or electronic communications.

49.    Pursuant to Florida Section 934.10(1), which provides a civil action for any person whose wire or electronic communications have been intercepted in violation of Florida Statute Section 934.03(1)(a), Plaintiffs and each member of The Florida Class demand preliminary, equitable or declaratory relief as may be appropriate, actual damages but not less than $100.00 a day for each day of violation or $1,000.00, whichever is greater, punitive damages as may be deemed applicable, reasonable attorney's fees and other litigation costs reasonably incurred.

50. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.10(1)(d), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 2
## INTENTIONAL DISCLOSURE OF WIRE OR ELECTRONIC COMMUNICATIONS
### Fla. Stat. §934.03(1)(c)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

51. By the acts alleged herein, Defendants have disclosed or endeavored to disclose the contents of Plaintiffs' and class members' wire and electronic communications, knowing or having reason to know that the information was obtained in violation of Florida law and contrary to Florida Statute Section 934.03(1)(c).

52. Plaintiffs and class members have been and are aggrieved by Defendants' intentional interception, disclosure, divulgence and/or use of their wire or electronic communications.

14

53. Pursuant to Florida Statute Section 934.10(1), which provides a civil action for any person whose wire or electronic communications have been disclosed in violation of Florida Statute Section 934.03(1)(c), Plaintiffs and each member of The Florida Class demand preliminary, equitable or declaratory relief as may be appropriate, actual damages but not less than $100.00 a day for each day of violation or $1,000.00, whichever is greater, punitive damages as may be deemed applicable, reasonable attorney's fees and other litigation costs reasonably incurred.

54. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.10(1)(d), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 3
### INTENTIONAL USE OF WIRE OR ELECTRONIC COMMUNICATIONS
### Fla. Stat. §934.03(1)(d)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

15

55. By the acts alleged herein, Defendants have used or endeavored to use the contents of Plaintiffs' and class members' wire and electronic communications, knowing or having reason to know that the information was obtained in violation of Florida law and contrary to Florida Statute Section 934.03(1)(d).

56. Plaintiffs and class members have been and are aggrieved by Defendants' intentional interception, disclosure, divulgence and/or use of their wire or electronic communications.

57. Pursuant to Florida Statute Section 934.10(1), which provides a civil action for any person whose wire or electronic communications have been used in violation of Florida Statute Section 934.03(1)(d), Plaintiffs and each member of The Florida Class demand preliminary, equitable or declaratory relief as may be appropriate, actual damages but not less than $100.00 a day for each day of violation or $1,000.00, whichever is greater, punitive damages as may be deemed applicable, reasonable attorney's fees and other litigation costs reasonably incurred.

58. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.10(1)(d), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits

16

made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 4
### ILLEGALLY DIVULGING CONTENT OF COMMUNICATIONS
#### Fla. Stat. §934.22(1)(a)(1)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

59.    In relevant part, Florida Statute Section 934.22(1)(a)(1) provides: "...A provider of electronic communication service to the public may not knowingly divulge to... [a]ny person or entity the contents of a communication while in electronic storage by that service..."

60.    On information and belief, Defendants knowingly divulged to the National Security Administration, an agency of the federal government, the electronic communications of, and/or records and information pertaining to, Plaintiffs and class members.

61.    Defendants did not notify Plaintiffs or class members of the divulgence of said communications, and/or records and information, nor did Plaintiffs or class members consent to such divulgence.

62.    Plaintiffs and class members have been and are aggrieved by Defendants' above-described divulgence of their communications and information.

63.    Pursuant to Florida Statute Section 934.27 (1) and (3), which provide for a civil action for any person(s) aggrieved by knowing or intentional violation of Florida Statute Section 934.22, Plaintiffs and class members demand preliminary, equitable or declaratory relief, as is appropriate, actual damages suffered by

17

Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees and other litigation costs.

64. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.27(2)(c), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 5
## ILLEGALLY DIVULGING RECORDS TO A GOVERNMENTAL ENTITY
### Fla. Stat. §934.22(1)(b)

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

65. In relevant part, Florida Statute Section 934.22(1)(a)(2) provides: "...A provider of electronic communication service to the public may not knowingly divulge to... [a]ny governmental entity a record or other information pertaining to a subscriber to or customers of such service."

66. On information and belief, Defendants knowingly divulged to the National

18

Security Administration, an agency of the federal government, the electronic communications of, and records and information pertaining to, Plaintiffs and class members.

67.   Defendants did not notify Plaintiffs or class members of the divulgence of said communications, records and/or information, nor did Plaintiffs or class members consent to such divulgence.

68.   Plaintiffs and class members have been and are aggrieved by Defendants' above-described divulgence of their communications and information.

69.   Pursuant to Florida Statute Section 934.27 (1) and (3), which provide for a civil action for any person(s) aggrieved by knowing or intentional violation of Florida Statute Section 934.22, Plaintiffs and class members demand preliminary, equitable or declaratory relief, as is appropriate, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together with reasonable attorney's fees and other litigation costs.

70.   Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 934.27(2)(c), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for preliminary, equitable or declaratory relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, but not less than $1,000.00, together

19

with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 6
## UNFAIR AND DECEPTIVE TRADE PRACTICES
### Fla. Stat. §501.204 et. seq.

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further alleges:

71.     By engaging in the acts and practices described herein, Defendants have engaged in one or more unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of any trade or commerce, pursuant to Florida Statute Section 501.204(1), including:

    a. Intentionally intercepting, endeavored to intercept, or procuring others to intercept or endeavor to intercept Plaintiffs' and class members' wire or electronic communications, in violation of Florida Statute Section 934.03, and doing so for pecuniary gain.

    b. Intentionally disclosing or endeavoring to disclose to any person the content of any wire or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire or electronic communication in violation of Florida Statute Section 934.03, and doing so for pecuniary gain.

    c. Intentionally using or endeavoring to use the content of any wire or electronic communication, knowing or having reason to know that the information was obtained through the interception of wire or electronic communication in violation of Florida Statute Section 934.03, and doing so for pecuniary gain.

20

    d. Knowingly divulging to a governmental entity a record or other information pertaining to its subscribers or customers, in violation of Florida Statute Section 934.22, et. seq., and doing so for pecuniary gain.

    e. Deceiving and misleading, affirmatively and/or through omission, Plaintiffs and class members as to the terms and conditions of services provided by Defendants.

    f. Offending the public policies and safeguards guaranteed in the Florida Constitution, Article 1, Section 12.

    g. Failing to notify Plaintiffs and class members of their intention to intercept, disclose and/or divulge their private electronic communications to the government.

    h. Upon information and belief, installing and/or using a pen register or a trap and trace device without first obtaining a court order.

    i. Breaching their contracts of service to Plaintiffs and class members.

    j. Committing fraud upon the Plaintiffs and class members.

    k. Engaging in a fundamental breach of the privacy rights and expectations of its customers.

72. Plaintiffs and class members have suffered actual damages and have lost money or property as a result of such unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of a trade or commerce. Such damages and losses include, but are not limited to, the subscription and service fees and other charges paid to Defendants. Neither the Plaintiffs nor any reasonable class member would have paid such fees and charges for Defendants services had they first known of Defendants unlawful acts and practices.

73. Defendants, by their violations of Florida law and their unfair and deceptive acts

21

and practices have been enriched and earned profits, which profits must be disgorged and recovered by Plaintiffs and class members.

74. Pursuant to Florida Statute Section 501.211, which provide for a civil action for any person(s) aggrieved by a violation of Florida Statutes Chapter 501, Plaintiffs and class members demand equitable, declaratory and injunctive relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, together with reasonable attorney's fees and other litigation costs.

75. Plaintiffs were required to retain counsel, including all co-counsel, to prosecute this matter. Plaintiffs have agreed, and are obliged, to compensate undersigned counsel and all co-counsel for time, effort and costs expended herein. Pursuant to Florida Statute Section 501.211(2), Plaintiffs and class members demand recovery of a reasonable attorney's fee and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs for themselves and for each class member, demand judgment against Defendants for equitable, declaratory and injunctive relief, actual damages suffered by Plaintiffs and each member of The Florida Class and any profits made by Defendants as a result of their violations, together with reasonable attorney's fees, interest, costs and such further relief as this court may deem just and proper.

## COUNT 7
## BREACH OF CONTRACT

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

76. On information and belief and at all times material hereto, Defendants offered and Plaintiffs agreed to subscribe to Defendants various telecommunications

22

and electronic communications services based upon good and valuable mutual consideration.

77. At all times material hereto Plaintiff and Defendant were bound by a consumer contract subject to the laws and protections of the State of Florida.

78. On information and belief and at all times material hereto, the contracts between the parties contained Defendants express and/or implied warrantee, guarantee, promise and/or agreement to protect the privacy and confidentiality of its customers' information, identity, records, data, subscriptions, use details, and communications, and to abide by the laws of Florida.

79. On information and belief and at all times material hereto, Defendants by their conduct as alleged herein, did breach their contract with Plaintiffs and class members, by knowingly, willfully and voluntarily intercepting, disclosing and using Plaintiffs and class members confidential, private and protected electronic communications to third-parties, including the government, without warrant, subpoena or permission.

WHEREFORE, Plaintiffs on behalf of themselves and the class members demand judgment against Defendants for damages together with interest, costs, and such other and further relief as this court may deem just and proper.

## COUNT 8
## FRAUD

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

80. On information and belief and at all times material hereto, Defendants knowingly and/or recklessly made express and/or implied false representations of specific material facts to Plaintiffs and class members.

23

81. Defendants expressly and/or impliedly represented to Plaintiffs and class members that Defendants would protect the privacy and confidentiality of its customers' information, identity, records, data, subscriptions, use details, and communications, and to abide by the laws of Florida.

82. On information and belief and at all times material hereto, Defendants actually and/or constructively knew that said representations were false.

83. On information and belief and at all times material hereto, Defendants made said material misrepresentations to Plaintiffs and class members for the purpose of inducing them to rely upon same in contracting and continuing to perform.

84. Plaintiffs and class members did, in fact, rely upon Defendants' material misrepresentations to their detriment and were injured, damaged and aggrieved thereby, through and including disclosure of their confidential, private and protected electronic communications to third-parties, including the government, without warrant, subpoena or permission.

WHEREFORE, Plaintiffs on behalf of themselves and the class members demand judgment against Defendants for damages together with interest, costs, and such other and further relief as this court may deem just and proper.

## COUNT 9
## INVASION OF PRIVACY

Plaintiffs re-allege and re-aver paragraphs 1 through 46, as if fully set forth here, and further allege:

85. On information and belief, Plaintiffs and class members have a reasonable expectation of privacy in their communications, contents of communications, and/or records pertaining to their communications transmitted, collected, and/or stored by Defendants, pursuant to Article 1 Section 12 of the Florida

24

Constitution.

86. On information and belief, Plaintiffs and class members use Defendants services to speak or receive speech anonymously and to associate privately.

87. On information and belief, the above-described acts of interception, disclosure, divulgence and/or use of Plaintiffs' and class members' communications, contents of communications, and/or records pertaining to their communications by Defendants occurred without consent, judicial or other lawful authorization, probable cause, and/or individualized suspicion.

88. On information and belief, the above-described acts of interception, disclosure, divulgence and/or use of Plaintiffs' and class members' communications, contents of communications, and/or records pertaining to their communications by Defendants constituted public disclosure of same, insofar as the said disclosure and/or divulgence was to an agency of the federal government.

89. At all times material hereto, the communications, contents of communications, and/or records pertaining to communications of Plaintiffs and class members were truthful information.

90. At all times material hereto, a reasonable person, including Plaintiffs and class members, would and do find the public disclosure of such information objectionable.

WHEREFORE, Plaintiffs on behalf of themselves and the class members demand judgment against Defendants for damages together with interest, costs, and such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and class members hereby request trial by jury of all issues triable by jury as of right, including, but not limited to, those issues and claims set forth herein.

Respectfully submitted,

_____

BRIAN H. ADLER
Fla. Bar No.: 0084220
BADER, STILLMAN & ADLER, P.L.
*Co-Counsel for Plaintiffs and Class Members*
6100 W. Atlantic Blvd.
Margate, Florida 33063
Telephone (954)971-3399
Facsimile (954)979-3101

## CO-COUNSEL FOR PLAINTIFFS AND FLORIDA CLASS MEMBERS:

Brian Adler
**BADER, STILLMAN & ADLER, P.L.**
6100 W. Atlantic Blvd.
Margate, Florida 33063
Telephone (954)971-3399
Facsimile (954)979-3101

Ronald Motley and Donald Migliori
**MOTLEY RICE, LLC**
Attorneys at Law
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
Tel. (843)216-9000
Fax (843)259-7048

Christoper Placitella and William Marvin
**COHEN, PLACITELLA & ROTH, P.C.**
Attorneys at Law
115 Maple Ave.
Red Bank, NJ 07701
Tel. (732)747-9003
Fax (732)747-9004

Gary Shapiro and David Sternlieb
**SHAPIRO & STERNLIEB, LLC**
Attorneys at Law
800 Tennent Road
Second Floor
Manalapan, NJ 07726
Tel. (732)617-8050
Fax (732)617-8060

27

JS 44 (Rev. 11/05)

**CIVIL COVER SHEET**

Case 0:07-cv-60365-WJZ   Document 1   Entered on FLSD Docket 03/15/2007   Page 40 of 41

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

Howard Jacobs, Laurence Kornblum, Kathleen Miller and All others Similarly situated

**DEFENDANTS**

AT&T Corp., American Telephone & Telephone & Telegraph Co., et. al. See attachment for listing of all Defendants.

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Brian H. Adler, Esq., Bader, Stillman & Adler, P.L., 6100 W Atlantic Boulevard, Margate, FL 33063 (954) 971-3399; see attachment for additional attorneys.

**07-60365**

Attorneys (If Known)

Albert L. Frevola, Gordon Hargrove & James, P.A. 2400 E. Commercial Blvd., Ste 1100, Ft. Lauderdale, FL 33308

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE   ☐ MONROE ☑ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

18 U.S.C. s. 2511(2)(b)(ii), 2520(d) & 2703(e) - Disclosure of private electronic domestic communications without warrant, subpoena, or permission of the NSA.

LENGTH OF TRIAL via   90   days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   3/13/07

FOR OFFICE USE ONLY

AMOUNT _____   RECEIPT # _____   IFP _____

ATTACHMENT TO CIVIL COVER SHEET

| | |
|---|---|
| Defendants: | AT&T CORP., a foreign corporation, AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a foreign corporation, BELLSOUTH TELECOMMUNICATIONS, INC., a foreign corporation, CINGULAR WIRELESS, LLC, a foreign limited liability company, VERIZON COMMUNICATIONS, INC., a foreign limited liability company, VERIZON FLORIDA, INC., a Florida corporation, and DOES 1-20. |
| Plaintiffs' counsel: | Brian H. Adler, Esq., Bader, Stillman & Adler, P.L., Co-Counsel for Plaintiffs, 6100 W. Atlantic Boulevard, Margate, FL 33063; Ronald Motley, Esq. and Donald Migliori, Esq., Motley Rice, LLC, Co-Counsel for Plaintiffs, 28 Bridgeside Blvd., Mt. Pleasant, SC 29465; Christopher Placitella, Esq. and William Marvin, Esq., Cohen, Placitella & Roth, P.C., Co-Counsel for Plaintiffs, 115 Maple Avenue, Red Bank, NJ 07701; Gary Shapiro, Esq. and David Sternlieb, Esq., Shapiro & Sternlieb, LLC, Co-Counsel for Plaintiffs, 800 Tennent Road, Second Floor, Manalapan, NJ 07726. |